UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ERNESTO CALVILLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17 CV 269 |
| | ) |
| MENARD, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

This matter is before the court on defendant Menard, Inc.'s motion for summary judgment. (DE # 54.) For the reasons that follow, defendant's motion will be denied.

**I.    BACKGROUND**

On September 24, 2015, plaintiff Ernesto Calvillo and his nephew visited a Menards store owned and operated by defendant. (DE # 61-3 at 7, 9, 12.) While plaintiff and his nephew were looking at different lawnmowers, plaintiff leaned forward on the display to get a closer look at one of the lawnmowers, and a nail punctured his hand. (DE # 56-4 at 10.) Plaintiff's nephew did not see the incident occur, but he did hear plaintiff yell "ouch" or "ow." (DE # 61-3 at 13-14.) Plaintiff's nephew saw plaintiff pull his hand back and rub it. (*Id.* at 14.) Plaintiff told his nephew that something in the artificial grass turf on the display had stabbed him. (*Id.* at 14-15.) Plaintiff's nephew saw a two-inch long nail sticking out of the display turf. (*Id.* at 14.) Plaintiff also looked at the display and saw a nail that was a couple of inches long, sticking out of the green artificial turf on the display. (DE # 56-4 at 13.)

A store manager, Michael Vukobratovich, was called over to speak to plaintiff. (DE # 56-6 at 4-5.) Plaintiff told the manager, "something stabbed my hand . . . the nail there stabbed my hand." (DE # 61-3 at 16, 17.) According to plaintiff, the manager looked at the nail and eventually was able to break it off of the display. (DE # 61-3 at 16; 61-4 at 59-60.) The manager instructed plaintiff to file a report, and he escorted plaintiff and his nephew to the front of the store. (DE # 61-3 at 17.) The manager left with the nail. (*Id.* at 18.)

The manager has a different account. According to the manager, after escorting plaintiff to the front of the store, the manager went to examine the display and he found two or three staples, but never discovered any nails. (DE # 56-6 at 9, 19.)

The manager testified that the lawnmower display was on a raised surface and is created by a Menards employee. (DE # 61-1 at 3-4.) The lawnmowers sit on artificial grass, which is fastened to plywood. (DE # 56-6 at 6-7.) Generally, the artificial grass is stapled to the plywood via a staple gun. (*Id.* at 9.) Sometimes, when constructing the display, a Menards employee will "staple up" to fasten the artificial grass to the plywood. (*Id.* at 7.) Customers routinely lean on these displays. (DE # 61-1 at 5-6; DE # 61-2 at 4.) The manager testified that he did not think that nails were used to fasten the turf. (DE # 56-6 at 9.)

As a result of this incident, plaintiff filed the instant action against defendant, alleging negligence. (DE # 1.) Defendant now moves for summary judgment. (DE # 56.) Defendant argues that plaintiff has failed to produce any evidence that would allow a

2

reasonable jury to conclude that defendant breached any duty it had to plaintiff. (*Id.*) Defendant specifically argues that the evidence demonstrates that defendant did not have notice of the condition at issue, and plaintiff cannot establish that defendant would have discovered the condition through the exercise of reasonable care. (*Id.*) This matter is fully briefed and is ripe for ruling.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In responding to a motion for summary judgment, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Palmer v. Marion County*, 327 F.3d 588, 595 (7th Cir. 2003). In doing so, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Anderson*, 477 U.S. at 248; *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249-50; *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995).

### III. ANALYSIS

Plaintiff's claim against defendant is based on a negligence theory of premises liability under Indiana law. "To prevail on a claim of negligence, a plaintiff is required to prove: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; and (3) an injury to the plaintiff proximately caused by the breach." *Ford Motor Co. v. Rushford*, 868 N.E.2d 806, 810 (Ind. 2007).

To determine what duty defendant owed plaintiff, the court must look to plaintiff's status as a visitor: trespasser, licensee, or invitee. *Waldon v. Wal-Mart Stores, Inc., Store No. 1655*, 943 F.3d 818, 821-22 (7th Cir. 2019). Here, plaintiff's status as a visitor at Menards was that of an invitee. *See Burrell v. Meads*, 569 N.E.2d 637, 642 (Ind. 1991) (a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land is a business invitee); *Waldon*, 943 F.3d at 822 (citing *Burrell*). The parties agree that at the time of his injury, plaintiff was a business invitee of Menards.

4

"Under Indiana premises-liability law, a landowner owes a business invitee 'a duty to exercise reasonable care for their protection while they remain[] on the premises.'" *Waldon*, 943 F.3d at 822 (quoting *Schulz v. Kroger Co.*, 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012)). Indiana has adopted the Restatement (Second) of Torts § 343 (1965) for purposes of delineating this duty. *Id.* at n.4.

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343. With regard to the second element, "[t]his is an objective standard, focusing on whether a reasonable person would realize the danger and protect himself or herself from the danger." *Maurer v. Speedway, LLC*, 774 F.3d 1132, 1137 (7th Cir. 2014) (citing *Smith v. Baxter*, 796 N.E.2d 242, 244 (Ind. 2003)).

After a thorough review of the parties' arguments and the record, the court concludes that the evidence, viewed in a light most favorable to plaintiff, reveals genuine issues of material fact. For example, it remains genuinely disputed: whether plaintiff was injured by a nail or by a staple; whether defendant created the condition that injured plaintiff; whether defendant should have expected that an invitee such as plaintiff would not discover the danger or would fail to protect themselves against it;

5

and whether defendant failed to exercise reasonable care to prevent plaintiff from becoming injured. It is up to a fact-finder, and not this court, to assess the credibility of the competing evidence. Because these material facts, and others, remain disputed, defendant is not entitled to summary judgment, and its motion must be denied.

Defendant relies on *Waldon*, *supra*, in support of its argument that plaintiff can only speculate that defendant had notice of the dangerous condition. While *Waldon* is distinguishable in many respects, the most important difference is that in *Waldon* there was affirmative evidence that the area where plaintiff fell had been inspected minutes before plaintiff's fall and, at that time, the condition did not exist. 943 F.3d at 822-23. Therefore, there could be no reasonable inference that defendant had actual or constructive knowledge of the dangerous condition. *Id.* at 823.

The allegations in this case are entirely different. In this case, plaintiff alleges that the condition was *created by* defendant. Under Indiana law, a defendant is properly charged with actual knowledge of a dangerous condition when that condition was created by an act of one of its employees, and that employee was acting within the scope of his or her employment. *Wal-Mart Stores, Inc. v. Blaylock*, 591 N.E.2d 624, 628 (Ind. Ct. App. 1992). Plaintiff has pointed to evidence sufficient to support a reasonable inference that the nail was part of the construction of the display, and thus defendant could be charged with actual knowledge of the condition.

Finally, defendant has requested a hearing. Given the disputed questions of fact, the court finds that a hearing would not aid the court in resolving the pending motion. The motion for hearing will be denied.

## IV. CONCLUSION

For these reasons, the court **DENIES** defendant Menard, Inc.'s motion for summary judgment. (DE # 54.) The court also **DENIES** defendant's motion for hearing (DE # 55), and defendant's motion for summary ruling. (DE # 58.) The court **ORDERS** the parties to file a joint status report regarding their willingness to engage in a settlement conference before a Magistrate Judge by **February 26, 2021**. A trial date will be set under a separate order.

**SO ORDERED.**

Date: February 12, 2021

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT